12-3483
Yang v. Holder

BIA
A076 099 837

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
      PETER W. HALL,
      GERARD E. LYNCH,
      SUSAN L. CARNEY,
        *Circuit Judges.*

_____

CUI RU YANG,
     *Petitioner,*

     v.                      12-3483
                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:      Vlad Kuzmin, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cui Ru Yang, a native and citizen of the People's Republic of China, seeks review of an August 7, 2012 decision of the BIA denying her motion to reopen. *In re Cui Ru Yang*, No. A076 099 837 (B.I.A. Aug. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Although Yang's motion was indisputably untimely because it was filed nine years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is

2

no time limitation for filing a motion to reopen if it "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Yang failed to demonstrate such conditions.

As an initial matter, contrary to Yang's assertion, there is no indication that the BIA applied an incorrect standard. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 168-69. Moreover, the BIA did not abuse its discretion in declining to credit Yang's evidence that authorities had discovered her practice of Christianity and sought to arrest her because the letters she proffered were unsworn and were either not based on first-hand knowledge or were prepared by interested witnesses not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 & n.5 (BIA 2010) (affording minimal weight to documents obtained solely for removal proceedings by interested witnesses not

3

subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Furthermore, the BIA reasonably concluded that the letters, as well as the generalized country conditions evidence showing continuing rather than changing conditions for Christians, did not indicate that conditions in China had worsened such that individuals similarly situated to Yang faced persecution. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Accordingly, the BIA did not abuse its discretion in denying Yang's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4